T.C. Summary Opinion 2008-51


UNITED STATES TAX COURT


RICARDO AVILA BELTRAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1812-07S.                    Filed May 5, 2008.


Ricardo Avila Beltran, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


WHERRY, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the

decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as in effect for the year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

This case is before the Court on a petition for redetermination of a deficiency. After concessions by respondent,[2] the issues for decision are whether petitioner is entitled to the following: (1) Head of household filing status, (2) two child tax credits, and (3) an earned income tax credit.

Background

Some of the facts have been stipulated. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed petitioner resided in Nevada.

Petitioner's second cousin and her two sons OPP and JPP,[3] lived with petitioner in 2005. Petitioner provided support for his second cousin, OPP, and JPP, which included paying rent, utilities, and medical bills and providing food and clothing.

Petitioner filed his 2005 Form 1040A, U.S. Individual Income Tax Return, as head of household and claimed three exemptions, one for himself and dependency exemptions for OPP and JPP. Petitioner also claimed a child tax credit, an additional child

---

[2]At trial, respondent conceded that petitioner was entitled to dependency exemptions for OPP and JPP.

[3]The Court will refer to the minor children by their initials.

tax credit, and an earned income tax credit.  Petitioner's Form 1040A reflected that he had $22,256 in wages.

In a notice of deficiency mailed to petitioner on October 23, 2006, respondent: (1) Disallowed the dependency exemption deductions for OPP and JPP, (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly, (3) disallowed the child tax credits, and (4) disallowed the earned income credit.  As a result, respondent determined a deficiency of $5,943.  Petitioner timely petitioned this Court, and a trial was held on November 6, 2007, in Reno, Nevada.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

I.   Head of Household Filing Status

Section 1(b) provides a special lower tax rate (as compared to the individual tax rate) for an individual filing his Federal tax return as a head of household.  Section 2(b) defines a "head of household" as an individual taxpayer who:  (1) Is unmarried at the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child or a dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 2(b)(1)(A)(i) and (ii).

The definition of head of household is limited by section 2(b)(3), which provides:

> (3) Limitations.--Notwithstanding paragraph (1), for purposes of this subtitle a taxpayer shall not be considered to be a head of a household--
>
> > (A) if at any time during the taxable year he is a nonresident alien; or
> >
> > (B) by reason of an individual who would not be a dependent for the taxable year but for--
> >
> > > (i) subparagraph (H) of section 152(d)(2), or
> > >
> > > (ii) paragraph (3) of section 152(d).

Section 152 defines a dependent as a qualifying relative who, as relevant here, bears a relationship to the taxpayer in one of the ways enumerated in section 152(d)(2)(A) through (H).  Section 152(d)(2)(H) provides in pertinent part:  "An individual * * *

who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household."  OPP and JPP qualified through section 152(d)(2)(H) as dependents of petitioner for purposes of section 151, and as a result, section 2(b)(3)(B)(i) disqualifies petitioner from head of household filing status.[4]

---

[4]OPP and JPP do not bear any of the relationships listed in sec. 152(d)(2) with respect to petitioner, other than subpar. (H).  Sec. 152(d)(2) lists the following relationships:

> (A) A child or a descendant of a child.
>
> (B) A brother, sister, stepbrother, or stepsister.
>
> (C) The father or mother, or an ancestor of either.
>
> (D) A stepfather or stepmother.
>
> (E) A son or daughter of a brother or sister of the taxpayer.
>
> (F) A brother or sister of the father or mother of the taxpayer.
>
> (G) A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law.
>
> (H) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 7703, of the taxpayer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household.

Petitioner testified:  "But in Mexico our beliefs, * * * [if they are the children of] my cousin, then they are my children.  As far as they [are] my cousin then they are my children."  While petitioner's support of OPP and JPP is certainly commendable, OPP
(continued...)

Accordingly, petitioner is not entitled to head of household filing status for 2005.

## II.  Child Tax Credits

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  A "qualifying child" means an individual who meets the requirements of section 152(c) and who has not attained the age of 17.  Sec. 24(c)(1).  Section 152(c) provides in pertinent part:

> (1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--
>
> > (A) who bears a relationship to the taxpayer described in paragraph (2),
> >
> > (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
> >
> > (C) who meets the age requirements of paragraph (3), and
> >
> > (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.
>
> > (2) Relationship.--For purposes of paragraph (1)(A), an individual bears a relationship to the taxpayer described in this paragraph if such individual is--

---

[4](...continued) and JPP qualify as dependents only through sec. 152(d)(2)(H) because they are not his children, stepchildren, or foster children but are, in fact, the children of petitioner's second cousin.  See also sec. 152(f)(1)(C) (defining eligible foster child as an individual placed with the taxpayer by an authorized placement agency or by court order).

> (A) a child of the taxpayer or a descendant of such a child, or

> (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.

Neither OPP nor JPP satisfies the section 152(c)(2) relationship test as their mother is petitioner's second cousin.  Accordingly, neither OPP nor JPP fits within the meaning of "qualifying child" as defined by section 24(c).  Therefore, the Court concludes that petitioner is not entitled to a child tax credit for either OPP or JPP for 2005.

## III. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability.  Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts used to calculate the credit.  The limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a child, the taxpayer must establish that the child is a "qualifying child" of the taxpayer as defined in section 152(c).[5]

---

[5]Sec. 152(c)(1)(D) and (e) is disregarded in determining whether an individual is a "qualifying child" for purposes of sec. 32.  Sec. 32(c)(3)(A).

Sec. 32(c)(3)(A). Neither OPP nor JPP is a "qualifying child" under section 152(c), as discussed supra.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for one or more qualifying children, he may be an "eligible individual" under section 32(c)(1)(A)(ii). For 2005 a taxpayer is eligible under this subsection only if his or her adjusted gross income was less than $11,750. Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973. Petitioner's adjusted gross income for 2005 was $22,256. Accordingly, petitioner is not eligible for an earned income credit for 2005.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.